For plaintiff: John R. Higgins.

For defendant: De Pasquale & Turano.

---

State
vs.                     Ind. No. 13779
Seraphino Manzello
January 14, 1927

HAHN, J. Heard on defendant's motion for a new trial after verdict of guilty of murder in the first degree. the person killed being Filo-

mena Manzello, wife of the defendant. The petition for a new trial is based upon the customary grounds that the verdict is against the law, the evidence and the weight thereof. That portion of the motion for a new trial referring to newly discovered evidence was not pressed at the hearing.

The trial of this case disclosed a history of domestic troubles culminating at one time in an assault upon the deceased wife by defendant's mother, for which the mother was fined in the District Court. The wife immediately left her husband and went to live with her parents. Afterwards defendant for a time made his home with his wife and her parents and then, for some unexplained reason, left her.

The evidence also shows various endeavors on the part of defendant to persuade his wife to leave her parents and live with him, and it also appears that she expressed a willingness to do so in the event that he would provide a home satisfactory to her in its location and not in proximity to those who, to her mind, were responsible for her troubles in the past.

There is no doubt that the defendant was much incensed against the parents of his wife, particularly her father, and blamed them for his martial difficulties. This feeling prevailed with greater bitterness from the time he left her after living with her at her parents' home.

As to the killing which occurred in the early morning of September 3rd, the evidence tends to show that defendant may have intended to kill his father-in-law rather than his wife, but whatever was in his mind and whatever his intention may have been in this respect, there is no doubt that on the late afternoon of September 2, 1926, he went to the Harris Gun Shop on Washington Street, in Providence, purchased a five-shot revolver and a box of fifty cartridges, giving

to the salesman a false name and in-correct address. This fact shows that, despite the testimony of defend-ant to the contrary, the revolver was not bought for any legal or proper purpose. On the morning of September 3rd, defendant appeared at his father-in-law's house or shack on Reservoir Avenue in the Town of Johnston, armed with the revolver—the same being loaded—and in pos-session of the remaining cartridges, and inquired for his father-in-law, and being informed that he was ab-sent, defendant then asked for some papers which were not forthcoming. The testimony as to what happened thereafterwards at the shack is con-tradictory but a careful consideration of the same leads to the belief that the defendant went there to kill someone, and, his father-in-law not being present, he chose his wife as his victim. The number of bullets fired into his wife's body shows his desire for absolute certainty of the death of his victim, it having been necessary to reload his revolver in order to fire the eight shots account-ed for in his wife's body and clothing. The fact that he left the scene of the shooting and spent the rest of the day in the woods, concealing the revolver and the remaining cart-ridges, shows that he appreciated what he had done and the necessity for concealing the implements with which the murder had been brought about.

The testimony of the deceased wife's mother and crippled brother, both of whom witnessed parts of the occur-ences leading up to the shooting and the shooting itself, strongly negatives the fact that the killing was in self-defence or that self-defence formed any part of the reason for the shoot-ing. Their testimony is in a meas-ure corroborated by the position of the bullet wounds.

The mother, a small woman ad-vanced in years, and the crippled brother, whose infirmities were such that when he appeared as a witness it was necessary to carry him bodily into the court room and place him in a chair, were not people calculated to frighten or place in fear of bodily injury a man of defendant's type and strength.

The evidence clearly indicates malice, premeditation and a thorough understanding on the part of the de-fendant of what he went to the shack to do, and, following that intention, what he did do. The killing was un-doubtedly done through anger and a desire for revenge. The elements of malice, premeditation and full under-standing of the act are present. The fact that he intended to kill is con-clusively shown by the number of bullets fired into the body of his wife, requiring a reloading of the revolver. The verdict is amply sustained by the evidence. In fact, it is difficult to understand how the jury could have reached any other conclusion.

Petition for a new trial is denied.

Charles P. Sisson and O. L. Helt-zen for State.

Luigi De Pasquale and I. N. Vatoloto for defendant.